IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TRACEY GIBSON and LISA REYNOLDS                                         PLAINTIFFS

V.                                                   CIVIL ACTION NO.: 1:18-CV-178-SA-DAS

HONEYWELL INTERNATIONAL, INC., and
KAZ USA, INC.                                                             DEFENDANTS

ORDER

On February 5, 2020, the Magistrate Judge assigned to this case entered an Order [97] denying the Defendant's Motions [88 & 89] requesting an opportunity to conduct an additional examination of the subject heater and opportunity to depose G.L. Rhoades, an expert witness. The Defendants filed a joint Objection [104] to the Magistrate Judge's ruling. Presently before the Court is a Motion for Hearing [106] on the Defendants' Objection [104].

*Factual and Procedural Background*

This dispute arose after Billy Conaway, the decedent in this case, died in a house fire allegedly caused by a Honeywell digital oil-filled radiant heater. The Plaintiffs claim that but for the heater's defective and dangerous design, the heater would not have caused a fire. The Plaintiffs' expert, G.L. Rhoades, submitted a report supporting the Plaintiffs' theory stating that the "tip over" function did not work properly and that the power cord may have been a source of the ignition. On December 30, 2019, the Defendants noticed the deposition of the Plaintiffs' experts for January 8-10, 2019. That same day, the Plaintiffs submitted a second report by Rhoades as a supplement to his first expert report. After a status conference regarding the Defendants' objection to the supplemental report, the Magistrate Judge ordered the Defendants to depose Rhoades, finding a lack of sufficient information to determine whether new opinions were introduced in the supplemental report. After Rhoades' deposition was taken, the Defendants, believing that the

report introduced new opinions and theories of defects and causation, filed Motions [88 & 89] requesting both an additional examination of the subject heater and an opportunity to depose Rhoades in light of the supplemental report.

The Magistrate Judge denied the Defendants' requests and made two key determinations: (1) the supplemental report did not inject new opinions or theories of defects and causation; and (2) considering the procedural disposition of the case, time does not permit an additional examination or a second deposition of Rhoades.

*Discussion*

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, when a Magistrate Judge rules on a "... pretrial matter not dispositive of a party's claim or defense ... a party may serve and file objections to the order." FED. R. CIV. PRO. 72. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*.

The Defendants object to the Magistrate Judge's finding that Rhoades' opinion in the supplemental report does not inject new opinions and asserts that such a finding is clearly erroneous and contrary to law. In the first report submitted on July 19, 2019, Rhoades concluded that had the "tip-over" device, a function designed to turn off the heater if it "tipped over", performed properly, the fire would not have occurred. In addition, Rhoades concluded that the so-called "heavy duty electrical wiring" should not be considered "heavy duty" due to its condition. He noted that he observed "beading on the supply cord that was attached to the subject heater which could very well indicate that the wire got so hot as to melt part of its material and could have been a part of the ignition source for the fire involving the heater." *See* Rhoades Expert Report [96-1].

In Rhoades' Supplemental Expert Report, he specifically stated that "after conferring with counsel for Plaintiff following the deposition of Rick Placencia (another expert associated with the case) and his testimony that the fire allegedly started at an extension cord, I further examined the photos and subject heater, the subject heater and an exemplar, and conclude that the fire started at the melted power cord storage device." *See* Rhoades' Supplemental Expert Report [96-7].

After reviewing both reports, the Magistrate Judge concluded that the additional report is a supplementation and clarification because the Plaintiffs' power-cord theory was not novel and had been sustained since the filing of their complaint. The Magistrate Judge also acknowledges that the power cord is a point of dispute between both parties' expert witness reports. Ultimately, the Magistrate Judge found that Rhoades ". . . reconfirmed his opinion that the power cord was a possible source of ignition and placed the point of ignition of the cord at the power cord storage device or tab." *See* Order [97].

Based on this Court's reading of the supplemental report, it seems that Rhoades developed his ultimate conclusion about the power cord's role in causing the fire *after* hearing the testimony of Rick Placencia, an expert retained by the Plaintiffs, and after a further examination of photos of the subject heater, the subject heater, and an exemplar. In addition, the Court notes the slight differences of conclusions in each report. In the original report, Rhoades concluded that "the supply cord that was attached to the subject heater which could very well indicate that the wire got so hot as to melt part of its material and could have been part of the ignition source for the fire." *See* Rhoades Expert Report [96-1]. But in his supplemental report, Rhoades adopts a more affirmative conclusion regarding the power cord stating that "the fire started at the melted power card storage device." *See* Rhoades' Supplemental Expert Report [96-7].

Rhoades' supplemental report, derived after he heard another expert's opinion and after he conducted further examinations of the subject heater and an exemplar, states a different conclusion from his original report. Thus, the Court finds that Rhoades' original report did not include "a complete statement of all opinions" as required by Rule 26 of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 26(a)(2)(B)(i)-(iii). The Court also finds that the Defendants are entitled to conduct an additional examination of the subject heater and another opportunity to depose Rhoades.

The Defendants are permitted to conduct an additional examination and deposition within 14 days after the entrance of this Order. The permitted deposition of Rhoades should last no longer than two hours and must be limited in scope to the content of the supplemental report submitted by Rhoades. The Magistrate Judge assigned to this case shall amend all related deadlines to accommodate the Court's ruling. If scheduling conflicts should arise regarding the deposition or examination, the parties are directed to contact the Magistrate Judge.

The Defendants' Objection [104] to the Magistrate's Order [97] are SUSTAINED. The Defendants' Motion for Hearing [106] on the objection is DENIED as moot.

SO ORDERED this, the 27th day of February, 2020.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE